UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ONN RAPEIKA,

    Petitioner,

v.

ADMINISTRATOR GEORGE
ROBINSON, et al.,

    Respondents.

Civil Action No. 18-14150 (SDW)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On September 24, 2018, Petitioner, Onn Rapeika, filed a purported petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he seeks to claims that the means through which his current criminal sentence is being carried out amounts to cruel and unusual punishment in violation of the Eighth Amendment because he is not being provided with his prescribed medication. (ECF No. 1).

2. Because Petitioner has paid the filing fee for a habeas corpus action, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Federal law provides two avenues for an incarcerated state prisoner to seek relief related to his imprisonment – a petition for a writ of habeas corpus and a civil rights action, which would usually be brought pursuant to 42 U.S.C. § 1983. *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004). Generally, "[c]hallenges to the validity of any confinement or to particulars affecting

its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.* Claims challenging a prisoner's receipt of "medical care [while incarcerated] . . . do not sound in habeas corpus" and instead must be brought via a civil rights suit. *Eiland v. Waden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015); *see also Leamer v. Fauver*, 288 F.3d 532, 542-43 (3d Cir. 2002) (habeas may be used only to bring challenges which go to the "validity of the continued conviction or fact or length of the sentence" while "a challenge . . . to a condition of confinement" the success of which "would not alter his sentence or undo his conviction" must be brought in "an action under § 1983").

4. Because Petitioner challenges only a condition of his confinement – the alleged refusal of the prison to provide him with certain medications – and does not challenge either the fact or duration of his confinement, his current claim is not a valid habeas claim and may only be brought via a civil rights action. *Eiland*, 634 F. App'x at 89; *Leamer*, 288 F.3d at 542-43. Thus, to the extent Petitioner seeks relief pursuant to the 28 U.S.C. § 2254, Petitioner's current petition must be dismissed as it does not present a claim for relief cognizable in a habeas petition.[1]

8. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate

---

[1] Because Petitioner only paid the five dollar filing fee applicable to a habeas petition and not the four hundred dollar fee required for a civil rights action, and because Petitioner has not sought to proceed *in forma pauperis*, this Court declines to convert this matter into a § 1983 complaint at this time. If Petitioner wishes to raise his current claims pursuant to 42 U.S.C. § 1983, he may do so by filing a new civil rights complaint accompanied by either the four hundred dollar fee or a complete application to proceed *in forma pauperis*.

2

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's current claim is not a viable habeas claim, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition.

9. In conclusion, Petitioner's petition for a writ of habeas corpus (ECF No. 1) shall be DISMISSED WITHOUT PREJUDICE to his filing of a civil rights action, and Petitioner shall be DENIED a certificate of appealability. An appropriate order follows.

Dated: September 27, 2018

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge